IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT AUSTIN, JARROD KILMURRAY,
CHRISTOPHER DAVIS and
STEVE GRGURICH

Plaintiffs,

v.                                                                                          12-0236-DRH

BECHTEL CONSTRUCTION COMPANY,

Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge**

### I. Introduction and Background

Before the Court is defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 8). Plaintiffs oppose the motion as the complaint provides the required information to withstand dismissal (Doc. 15). For the following reasons, the Court denies defendant's motion to dismiss.

On March 15, 2012, plaintiffs Scott Austin, Jarrod Kilmurray, Christopher Davis and Steve Grgurich sued defendant Bechtel Construction Company ("Bechtel") based on diversity jurisdiction, 28 U.S.C. 1332. Plaintiffs' complaint asserts claims for compensation under a state law retaliatory discharge theory under the Illinois

Workers Compensation Act 820 ILCS 350/4(h) and claims for punitive damages. Each plaintiff brings identical counts against defendant. According to the complaint, plaintiffs were employees of Bechtel and while on the job were involved in an on-the-job-accident in which an injury occurred. On October 1, 2009, plaintiff Austin sustained injuries while on the job. On February 25, 2009, plaintiff Kilmurray sustained injuries while on the job. On June 10, 1010, plaintiff Davis sustained injuries while on the job. On January 20, 2010, plaintiff Grgurich sustained injuries while on the job. As a result of the injuries sustained, each plaintiff was unable to perform his employment and was temporarily totally disabled for a period of time. As a result of the accidents, plaintiffs incurred disability and medical bills. Thus, plaintiffs each became entitled to and applied for certain benefits under the Illinois Worker's Compensation Act, 820 ILCS § 305. Following the filing of their Worker's Compensation claims defendant fired each plaintiff. Plaintiffs assert suffering a loss of income and benefits in the past and in the future; mental anguish; and pain and suffering in the past and likely in the future. Hereafter, defendant filed the motion to dismiss the complaint based upon Federal Rule 12(b)(6).

## II.  Motion to Dismiss

A 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge 7,* 570 F.3d 811, 820 (7th Cir.), *cert. denied,* –– U.S. ––, 130 S.Ct. 749, 175 L.Ed.2d 517 (2009). The United States Supreme Court explained in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), that

Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."

In making this assessment, the district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See* Rujawitz v. Martin, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007), *cert. denied,* 553 U.S. 1032, 128 S.Ct. 2431, 171 L.Ed.2d 230 (2008).

Even though *Twombly* (and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.' " *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008). The level of detail the complaint must furnish can differ depending on the type of case before the Court. So for instance, a complaint involving complex litigation (antitrust or RICO claims) may need a "fuller set of factual allegations ... to show that relief is plausible." *Tamayo,* 526 F.3d at 1083, *citing Limestone Dev. Corp. v. Village of Lemont, Illinois,* 520 F.3d 797, 803–04 (7th Cir. 2008).

The Seventh Circuit Court of Appeals has offered further direction on what (post- *Twombly & Iqbal* ) a complaint must do to withstand dismissal for failure to state a claim. In *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th Cir. 2008), the Court

reiterated: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions;" the allegations must "raise a right to relief above the speculative level." Similarly, the Court remarked in *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010): "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law."

> Judge Posner explained that *Twombly* and *Iqbal:*
>
> require that a complaint be dismissed if the allegations do not state a plausible claim. The Court explained in *Iqbal* that "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. This is a little unclear because plausibility, probability, and possibility overlap....
>
> But one sees more or less what the Court was driving at: the fact that the allegations undergirding a plaintiffs claim could be true is no longer enough to save it. .... [T]he complaint taken as a whole must establish a nonnegligible probability that the claim is valid, though it need not be so great a probability as such terms as "preponderance of the evidence" connote.... After *Twombly* and *Iqbal* a plaintiff to survive dismissal "must plead some facts that suggest a right to relief that is beyond the 'speculative level.' " *In re marchFIRST Inc.,* 589 F.3d 901, 905 (7th Cir. 2009).

*Atkins v. City of Chicago,* 631 F.3d 823, 831–32 (7th Cir. 2011) (emphasis added). *See also Smith v. Medical Benefit Administrators Group, Inc.,* 639 F.3d 277, 281 2011 (Plaintiff's claim "must be plausible on its face," that is, "The complaint must establish a nonnegligible probability that the claim is valid...."). With these principles in mind, the Court turns to plaintiffs' complaint.

Under Illinois law, an employee alleging that he was discharged in retaliation

for filing workers' compensation claim must show that: (1) he or she was the employer's employee before his or her injury; (2) he or she exercised a right granted by the Workers' Compensation Act; and (3) he or she was discharged from his or her employment with a causal connection to his or her filing a workers' compensation claim. 820 ILCS § 305/4(h). *See also Tullis v. Townley Eng'r and Mfg., Co. Inc.*, 243 F.3d 1058, 1060 (7th Cir. 2001).

At issue is whether plaintiffs have stated actionable claim under the Illinois Worker's Compensation Act, 820 ILCS § 305/4(h), upon which relief can be granted. Defendant argues that the complaint fails to state a claim for relief that is "plausible on its face." Defendant further argues the complaint is supported by mere legal conclusory statements. Plaintiffs counter that the complaint gives specific dates of the injuries, affirmative pleadings of application to workers compensation benefits, provides the dates of discharge in retaliation for seeking workers compensation benefits and provides elements of their damages. The Court agrees with plaintiffs.

Here, plaintiffs' complaint states that each plaintiff was the employer's employee before said injury; that each plaintiff exercised a right granted by the Worker's Compensation Act; and that each plaintiff was discharged after filing for their Worker's Compensation benefits, thus evidencing a causal connection between the discharge and the filing of said benefits. Therefore, plaintiffs' complaint contains more than mere legal conclusions and presents facial plausibility which allows the Court to draw a reasonable inference that the defendant may be liable for the misconduct alleged.

### III. Conclusion

Accordingly, the Court **DENIES** defendant's motion for dismissal under Federal Rule 12(b)(6) (Doc 8).

**IT IS SO ORDERED.**

Signed on this 18th day of June 2012.

Digitally signed by David R. Herndon
Date: 2012.06.18 13:20:01 -05'00'

**Chief Judge Herndon**
**United States District Court**